## HODDERSEN–BALLING v. LORENZ.

### SAME v. KUSSAT.

### Nos. 5478, 5484.

District Court, E. D. New York.

Jan. 27, 1932.

Benedict S. Rosenfeld, of Brooklyn, N. Y. (John L. Ketcham, of New York City, of counsel), for plaintiff.

Sporborg & Connolly, of New York City (William D. Sporborg, of New York City, of counsel), for defendant Daniel F. Lorenz.

Ben Berg, of Brooklyn, N. Y. (Ellery O. Phillips, of Brooklyn, N. Y., of counsel), for defendant Rudolph O. Kussat.

These are patent infringement suits involving the same patent and the same construction of alleged infringing device. Under stipulation, the two cases were therefore tried together. They involve the alleged contributory infringement of letters patent No. 1,516,383, issued November 18, 1924, for an improvement in ham boilers. Claims Nos. 8, 11, 12, 13, and 14 are in issue.

The defendants maintain that the claims are invalid, and that if valid there is no infringement.

The patent relates to cookers of the class generally described as ham boilers. One of the objects of the invention is to conform part of the receptacle of the boiler closely to the shape of the ham to be cooked in order to prevent waste. It is said that this main object is accomplished by the employment of means for supporting and manipulating the cover of the receptacle, by the elimination of angular corners in the receptacle, and by means of an inclined bottom surface of the container. The criticism of the prior art pointed to the accumulation of waste and fat at the knuckle end of a cooked ham in the angular corners of the cooker.

The claims in suit may be divided into two groups; the first consisting of the 8th claim, and the second group of the remaining claims. Of the latter group, claim 11 may be taken as typical. It reads: "A ham boiler comprising a receptacle having opposite vertical walls of substantially the same height, and a bottom wall having a horizontal portion and an inclined portion joined to one of said vertical walls above the bottom thereof."

This claim is fully met by French patent No. 471,084, granted to Xavier Aubert on July 1, 1914; and also by French patent No. 510,709, granted September 10, 1920, to Pascal Chaignet. Both of these patents disclose a ham boiler constructed as defined in claim 11.

Indeed, plaintiff's expert witness Murdock admitted that the change from the Aubert construction was one of degree only. He said: "RXQ. 101. And as I understand you, the only difference between the patented one in suit and the Aubert patent is one of degree of incline, of the inclined portion of the bottom, is that so? A. I think that you could go that far, yes, a matter of degree."

Therefore I believe claim 11 is invalid, as I did, indeed, at the trial; and for the same reason conclude that claims 12, 13, and 14 are also invalid.

Claim 8 is narrower, embodying as it does a reference to the side walls as having rounded or curved corners of increased thickness (although it may well be doubted whether there is an inventive act in the mere change of conformation or dimension), and to "a cover, and means for supporting it, and means for connecting said supporting means to the cover at a constant angle thereto."

It will not be necessary to pass upon the question of validity of this claim, for a consideration of the question of infringement will be sufficient.

The defendant Kussat manufactures, and the defendant Lorenz sells, an insert for use in the ham boiler having a flat bottom inner surface, so that the bottom portion will have the inclined appearance shown in Fig. 3 of the patent. It is conceded that such inserts are sold to a manufacturer of ham boilers of the type such as Plaintiff's Exhibit 3; and the question is whether such boiler, when equipped with such insert or killer, falls within the limitations of claim 8 of the patent.

From the proof, it appears that boilers having a cover of the type shown in Plaintiff's Exhibit 3 were made by the Ham Boiler Corporation for years before the date of the issuance of the patent herein under a patent granted to H. Adelmann, No. 1,272,883, issued July 16, 1918. Neither this cover nor the cover shown in the commercial article manufactured by the plaintiff is the cover of the patent in suit. The latter at least is admitted by the plaintiff. He testified:

"XQ. 84. Mr. Hoddersen, referring to Plaintiff's Exhibit 1, which is your device showing the cover as you use it— A. Yes, sir.

"XQ. 85. That isn't the cover as shown in your patent, is it? A. No, sir.

"XQ. 86. It is quite a different cover in your patent? A. Different bar, yes, sir.

"XQ. 87. Different bar and different springs? A. Yes, sir."

And again:

"RXQ. 131. Where do you find the means for connecting the supporting means to the cover at a constant angle? A. This is a cover of a later type, an improved type.

"RXQ. 132. And in that respect it is not the same as is shown in the patent? A. No, sir.

"RXQ. 133. Have you in court here, Mr. Hoddersen, the precise cover that was patented? A. No, sir."

It is clear that the cover in the alleged infringing device, similar as it is to Plaintiff's Exhibit 1, has not "means for supporting it, and means for connecting said supporting means to the cover at a constant angle thereto." If claim 8 were interpreted to embrace such a cover, then, since this construction is disclosed in the earlier patent to Adelmann, there could be no invention in making an aggregation of the Adelmann cover and the container shown in the two patents to Aubert and Chaignet.

For the foregoing reasons, claim 8 cannot be regarded as infringed by the combination of the boiler, Plaintiff's Exhibit 3, and the filler made and sold by the defendants. In consequence, the defendants cannot be charged with contributory infringement.

Decree for defendants.

If this opinion is not in sufficient compliance with the rule requiring findings of fact and conclusions of law, submit findings of fact and conclusions of law in accordance therewith.